UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE LESHINSKY, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES JUN WANG, ZHIJUAN GUO, WEIGUO WANG, ARNOLD STALOFF, and SMARTHEAT, INC.,<br><br>Defendant. | Civil Action: 12-cv-6682(PAE) |

**MEMORANDUM OF LAW IN SUPPORT OF BEN SHENG'S
MOTION TO BE APPOINTED AS LEAD PLAINTIFF AND
<u>FOR APPROVAL OF HIS SELECTION OF COUNSEL</u>**

## PRELIMINARY STATEMENT

Presently pending before the Court is one securities class action lawsuit entitled *Leshinsky v. James Jun Wang, et al.*, Case No.: 12-cv-6682, filed on August 31, 2012 (the "*Leshinsky* Action" or "Action"). The *Leshinsky* Action is brought on behalf of purchasers of the common stock of Smart Heat, Inc. ("Smart Heat" or the "Company"), who purchased or otherwise acquired the Company's common stock between February 24, 2010 and May 3, 2010, inclusive ("Class Period"), against the Company and certain directors and officers of the Company. The *Leshinsky* Action alleges various Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b).

Class member Ben Sheng ("Movant") hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (a) appointing Movant as lead plaintiff in the Action; and (b) approving Movant's selection of Gainey & McKenna as Lead Counsel for the Class.

Movant suffered substantial losses resulting from his Smart Heat investment. Depending on when the loss is measured, movant Sheng has a loss of either $173,301 or $355,525. *See* McKenna Decl. at Ex. B. He believes that he has the largest financial interest in the Action.

## STATEMENT OF FACTS

The *Leshinsky* Action alleges that, during the Class Period, Defendants knew, or recklessly disregarded that Smart Heat's Chief Executive Officer, James Jun Wang, sold $23 million of his shares during the Class Period, in violation of several SEC rules. This rapid sale of Smart Heat's stock onto the market caused its stock price to plummet.

## ARGUMENT

1

I.      THE COURT SHOULD APPOINT THE MOVANT AS LEAD PLAINTIFF

     A.      **The Procedure Required By The PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within twenty (20) days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within ninety (90) days all motions, filed within sixty (60) days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

    (aa)    has either filed the complaint or made a motion in response to a notice;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against their group. Therefore, Movant is entitled to the presumption that the group is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1. Movant Is Willing To Serve As Class Representative

On August 31, 2012, counsel in the *Leshinsky* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Defendant Smart Heat and certain directors and officers of the Company, and which advised putative class members that they had sixty (60) days, or until October 30, 2012, to file a motion to seek appointment as a lead plaintiff in the action. *See* Declaration of Thomas J. McKenna in Support of Motion of Ben Sheng to be Appointed as Lead Plaintiff and for Approval of His Selection of Lead Counsel ("McKenna Decl."), at Ex. C.

Accordingly, Movant has timely filed this motion and attached a certification attesting to Movant's willingness to serve as representative party of the Class and provide testimony at deposition and trial, if necessary. *See* McKenna Decl. Ex. A. Movant, therefore, satisfies the first requirement to serve as lead plaintiff. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Movant Has The Largest Financial Interest

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movant believes that he has the largest financial interest of any shareholder or group of shareholders in the Action. During the Class Period, Movant suffered losses of approximately

3

$173,301 or $355,525.  *See* McKenna Decl. at Ex. B.  These losses are significant enough to ensure that Movant has a sufficient financial stake to remain an active participant in the Action and oversee the vigorous prosecution by counsel.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (citing 15 U.S.C. § 77z-1(a)(3)(B)).  Movant is not aware of any other moving party who has suffered larger losses.  Accordingly, Movant satisfies the largest financial interest requirement to be appointed as lead plaintiff in the Action.  Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] . . . the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u 4(a)(3)(B)(iii)(I)(cc).  Only typicality and adequacy are relevant for purposes of a motion for lead plaintiff.  *See, e.g.*, *Lernout & Hauspie*, 138 F. Supp. 2d at 46; *see also In re Cendant Corp. Litig.*, 264 F.3d at 265; *In re Vicuron Pharms.*, 225 F.R.D. at 511.  As discussed below, Movant satisfies the typicality and adequacy requirements under Rule 23(a) and the PSLRA.

The claims asserted by Movant are typical of those of the Class.  Movant, like the members of the Class, purchased Smart Heat common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby.  Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and these losses result from Defendants' common course of conduct.  *See In re Waste Mgm't., Inc. Secs. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000).  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

Movant is also an adequate representative for the Class.  There is no antagonism between Movant's interests and those of the Class.  Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  *See Waste Mgmt.*, 128 F. Supp. 2d at 414.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Lernout & Hauspie,* 138 F. Supp. 2d at 46-47.

Movant has selected Gainey & McKenna as the proposed Lead Counsel for the Class. Gainey & McKenna has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* McKenna Decl. Ex. D.  Therefore, the Court may be assured that if it grants this motion, the Class members will receive high-caliber representation by skilled, experienced counsel.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as lead plaintiff for the Class in the Action and all subsequently-filed, related actions; and (2) approve Movant's selection of Gainey & McKenna to represent the Class as Lead Counsel.

Dated: October 30, 2012

    Respectfully submitted,

    **GAINEY & McKENNA**

By:   */s/ Thomas J. McKenna*
    Thomas J. McKenna
    440 Park Avenue South, 5th Floor
    New York, NY  10016
    Telephone: 212-983-1300
    Facsimile: 212-983-0380
    Email: tjmlaw2001@yahoo.com
    Email: tjmckenna@gaineyandmckenna.com

    *Proposed Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 30, 2012.

*/s/ Noemi Escarment*
Noemi Escarment

7