**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVE LESHINSKY, Individually and on Behalf of All Others Similarly Situated,

                      Plaintiff,

          v.

JAMES JUN WANG, ZHIJUAN GUO, WEIGUO WANG, ARNOLD STALOFF, and SMARTHEAT, INC.

                      Defendants.
-------------------------------------------------------------X

Case No.:1:12-cv-6682 (PAE)

<u>CLASS ACTION</u>

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF STREAM SICAV FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

      Stream SICAV, a Luxembourg *societe d'investissementa capital variable*, a sophisticated institutional investor ("Movant") respectfully submits this memorandum of law in support of its motion for appointment as lead plaintiff and approval of lead counsel.

**I.    BACKGROUND**

      This is a securities class action on behalf of purchasers of the securities of SmartHeat, Inc., ("Heat" or the "Company") between February 24, 2010 to May 3, 2010, inclusive (the "Class Period," seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Plaintiffs allege that throughout the Class Period, Defendants failed to disclose that the founder, CEO and Chairman of Heat's Board James Wang ("Wang") was secretly selling at least half of his SmartHeat Inc. shares for $23 million without reporting this transaction in SEC filings. SEC regulations require issuers to accurately disclose share ownership of officers and directors in various filings. SmartHeat's SEC filings failed to take into account its CEO's sale of nearly half his shares, and were thus false and misleading. Additionally, federal securities laws require that officers certify that they are responsible for maintaining adequate controls over financial reporting. Defendants Wang and others certified that they maintained adequate controls over financial reporting. This statement was false because the internal controls to whose adequacy the CEO certified did not prevent him from engaging in the fraudulent stock sales.

Because Defendant Wang was selling over 5% of SmartHeat's stock onto public markets over the course of just two months, SmartHeat's stock price rapidly declined as he sold his shares. On May 30, 2012, at 6:55 A.M. Eastern Standard Time, SmartHeat announced that it had accepted the "resignations" of Defendants Wang and Zhijuan Guo, Heat's chief financial officer during the Class Period. At 8:23:51 A.M. on May 30, 2012 -- prior to market opening -- the NASDAQ announced that trading in SmartHeat's shares would remain halted until SmartHeat satisfied NASDAQ's request for additional information. Trading has remained halted until the filing of this motion.`

This appears to be a "pump-and-dump" scheme where the founder of a company has secretly divested himself of the majority of his shares. No investor would be willing to invest in such a company, so, Plaintiff's shares are very likely worthless.

## II.     PROCEDURAL HISTORY

This action was commenced on August 31, 2012. That same day, the Rosen Law Firm, P.A.,

issued a PSLRA early notice advising potential class members of the pendency of the action and the option of class members to seek appointment as lead plaintiff. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

Movant filed the instant motion pursuant to the PSLRA early notice, and filed this motion prior to expiration of the 60-day period from publication of the August 31, 2012, notice.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa)  has either filed the complaint or made a motion in response to a notice... ;

(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

### 1.   Movant is Making A Motion In Response To A Notice

On August 31, 2012, pursuant to § 21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff in the first-filed action published a notice of the pendency of plaintiff's case on *GlobeNewswire*– a widely

circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against SmartHeat, Inc. and certain of its executive officers, and advising purchasers of the Company's securities that they had until October 30, 2012, to file a motion to be appointed as lead plaintiff.

Movant's motion is timely. *See*, *In re: The Extension of Certain Deadlines in Civil Cases as a Result of Hurricane Sandy and Court Closure*.[2]

Movant files the instant motion pursuant to the published notice, and submit herewith Movant's sworn certification attesting that it is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Kim Decl., Ex. 2. Movant therefore satisfy the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

## 2. Movant has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[3] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which

---

[1] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).
2 http://www.nysd.uscourts.gov/cases/show.php?db=special&id=236.
3   *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re*

4

to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant has suffered financial losses of over $401,000. *See* Kim Declaration, Exhibit 3. Movant is not aware of any other movants that have suffered greater losses in Heat stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

---

*Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, allege that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of Heat. Movant, like all of the members of the Class, purchased Heat securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### b. Movant is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001). Here, Movant has demonstrated their adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and have shown that it is "willing and able" to "take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479 (5th Cir. 2001). Movant has communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. Movant is not aware

that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from their investments in Heat securities and are, therefore, extremely motivated to pursue the claims in this action. *See* Kim Decl., Ex. 2.

### 4. Movant is Precisely the Type of Institutional Investor Envisioned by the PSLRA

Stream SICAV, a sophisticated and professionally managed institutional investment fund, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("the PSLRA was enacted to encourage institutional investors to take a more active role in securities litigation"). Indeed, as a lead plaintiff in the RINO International securities litigation, Stream SICAV has successfully negotiated a multimillion dollar partial settlement against a China-based issuer like Smartheat. That action is ongoing against other defendants.

### 5. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

   The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believe they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against them that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

  **B.**  **The Court Should Approve Movant's Selection of Counsel**

   The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained The Rosen Law Firm P.A. to pursue this litigation on their behalf, and will retain the firm as plaintiffs' lead counsel, in the event Movant is appointed lead plaintiff. The Rosen Law Firm P.A. possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumés attached to the Kime Decl., as Ex. 4. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

**IV.**  **CONCLUSION**

For the foregoing reasons, Movant respectfully asks the Court to grant their motion and enter an Order (a) appointing the Movant as lead plaintiff, (b) approving The Rosen Law Firm P.A. as lead counsel for the Class (c) and granting such other relief as the Court may deem just and proper.

                                        Respectfully submitted,

DATED: October 30, 2012           THE ROSEN LAW FIRM P.A.

                                        By: /s/ Phillip Kim_____
                                        Phillip Kim (PK 9384)
                                        Laurence Rosen (LR 5733)
                                        Jonathan Horne (JH 7258)
                                        275 Madison Avenue, 34th Floor
                                        New York, NY 10016
                                        Telephone: (212) 686-1060
                                        Facsimile: (212) 202-3827
                                        pkim@rosenlegal.com
                                        lrosen@rosenlegal.com
                                        jhorne@rosenlegal.com

                                        [Proposed] Lead Counsel for Plaintiffs and Class

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 5th day of November, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim