**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVE LESHINSKY, Individually and on Behalf of     Case No.:1:12-cv-6682 (PAE)
All Others Similarly Situated,

                            Plaintiff,             CLASS ACTION

            v.                                     **STREAM SICAV'S OPPOSITION
                                                   TO COMPETING LEAD PLAINTIFF
                                                   MOTION**
JAMES JUN WANG, ZHIJUAN GUO, WEIGUO
WANG, ARNOLD STALOFF, and SMARTHEAT,
INC.

                            Defendants.
-------------------------------------------------------------X

## PRELIMINARY STATEMENT

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to

appoint as lead plaintiff the person with the largest financial interest in the outcome of the case as

long as that person meets the requirements of Rule 23. *In re Orion Sec. Litig.*, 2008 WL 2811358, at

* 4 (S.D.N.Y. July 8, 2008); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15

U.S.C. §78u-4(a)(3)(B). Stream SICAV ("Stream"), an institutional investor, has triggered the

PSLRA's "most adequate plaintiff" presumption and should be appointed Lead Plaintiff.

First, Stream lost over $401,000 in connection with its purchases of SmartHeat, Inc.—more

than double the $173,301[1] in losses claimed by movant Ben Sheng. Therefore, Stream has the greatest financial interest in the litigation and is presumptively the most adequate plaintiff.

Second, as set forth in Stream's opening papers at 5-7, Stream satisfies the adequacy and typically requirements of Rule 23. *See, also, Cendant,* 264 F.3d at 264 (investors "with large losses, will more often than not, satisfy the typicality and adequacy requirements.").

Finally the presumption that Stream is the "most adequate plaintiff"—*i.e.* the presumptive lead plaintiff—"may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Orion*, 2008 WL 2811358, at * 4.

Because Sheng can offer no proof to rebut the presumption that Stream is the most adequate plaintiff, the Court should appoint Stream Lead Plaintiff, approve its selection of the Rosen Law Firm, P.A. as Lead Counsel, and deny the Sheng's competing motion.

## ARGUMENT

## I.    STREAM SICAV SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    Stream is the "Most Adequate Plaintiff"

Stream has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Stream lost over $401,000 in connection with its purchases and sales of SmartHeat stock. The fund's losses are more than double Sheng's losses. Therefore, Stream has the largest financial interest.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (at 732: "If the plaintiff with the largest financial

---

1 Sheng also presents a loss figure of $355,525 pricing held shares at $.40/share (Dkt. #7-4).

stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy."); *see, also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("[A] prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23.").

Like all purported class members, Stream alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading financial statements about its business. Stream purchased SmartHeat stock at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Stream satisfies the typicality requirement. *See Fuwei*, 247 F.R.D. at 436 ("Typicality is satisfied if 'each class member's claim arises from the same course of events, and each class members makes similar legal arguments to prove the defendant's liability.'") (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

Stream has demonstrated its adequacy by submitting a sworn certification affirming the fund's willingness to serve as, and carry out the responsibilities of, class representative. Based on Stream's financial interest in the litigation, and satisfaction of the Rule 23 requirements at this stage, Stream has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through

---

Under the same metric, Stream's losses are $990,630.97.

relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff").

### B. STREAM'S INSTITUTIONAL STATUS FURTHER SUPPORTS ITS APPOINTMENT

Stream's status as an institutional investor further supports its designation as lead plaintiff. *See, Pompano Beach Police & Firefighters' Retirement System v. Comtech Telecommunications Corp.*, 2010 WL 3924862, at * 5 (E.D.N.Y. Aug. 17, 2010) (citing cases); *City of Monroe Employees' Retirement System v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010); *Malasky v. IAC/Interactivecorp.*, 2004 WL 2980085, at * 3 (S.D.N.Y. Dec. 21, 2004).

## II. CONCLUSION

For the foregoing reasons, movant respectfully requests that the Court issue an Order (1) appointing Stream SICAV as Lead Plaintiff of the Class; (2) approving its selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

DATED: November 19, 2012       THE ROSEN LAW FIRM P.A.

By: _/s/ Phillip Kim_____
Phillip Kim (PK 9384)
Laurence Rosen (LR 5733)
Jonathan Horne (JH 7258)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
jhorne@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 19th day of November, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim