

The Rosen Law Firm
INVESTOR COUNSEL

Jonathan Horne, Esq.
jhorne@rosenlegal.com

**BY MAIL AND EMAIL**

The Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall, United States Courthouse
40 Foley Square, New York, NY 10007

Re:   *Stream SICAV et al v. James Jun Wang et al*, No. 12 Civ. 6682 (PAE)

Your Honor:

Plaintiffs write to bring to the Court's attention *In re Bernard L. Madoff Inv. Sec. LLC*, -- F.3d --, 11-5044 et seq, 2013 WL 3064848, at *6 (2d. Cir. June 20, 2013) (Slip Opinion at *25-26). Madoff operated a Ponzi scheme for decades; he used some of the money invested in it to fund his lavish lifestyle. The plaintiff -- the Trustee -- had invoked the adverse interests exception, arguing that because Madoff's fraud benefited Madoff, it could not be imputed to the company. But the Second Circuit held:

> [The Trustee] invokes the "adverse interest" exception, which directs a court not to impute to a corporation the bad acts of its agent when the fraud was committed for personal benefit. *See The Mediators, Inc. v. Manney (In re Mediators, Inc.), 105 F.3d 822, 827 (2d Cir.1997)*. However, "this most narrow of exceptions" is reserved for cases of "outright theft or looting or embezzlement ... where the fraud is committed *against* a corporation rather than on its behalf." [Footnote] *Kirschner v. KPMG LLP, 938 N.E.2d 941, 952 (N.Y.2010)*.[1] It is not possible thus to separate BLMIS from Madoff himself and his scheme.

*Madoff*, 2013 WL 3064848, at *6; Slip Opinion at *25-26.

Here, Plaintiffs sue SmartHeat, Inc., for concealing that -- at the direction of its CEO -- almost $23 million of insider shares had been sold in violation of a lock-up agreement which SmartHeat publicly touted. SmartHeat has moved to dismiss, arguing that the adverse interest exception prevents imputation of the CEO's scienter to SmartHeat.[2] But the shares did not belong

---

[1] Plaintiffs' brief, citing *Kirshner*, argued that SmartHeat's CEO's scienter could be imputed to it. Opposition to Motion to Dismiss, Dk. # 57, at 12-13.
[2] Defendant SmartHeat, Inc.'s Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint, Dkt. # 55, at 4-5.

1

to SmartHeat, so there was no "outright theft or looting or embezzlement ... where the fraud is committed against a corporation rather than on its behalf."

The Second Circuit issued *Madoff* after Defendants' motion to dismiss was fully briefed; neither party has had a chance to address it. If the Court thinks further briefing will be helpful, Plaintiffs are happy to provide it.

Dated: June 21, 2013

Respectfully submitted,

Jonathan Horne

cc: all counsel of record (by email)

The Court appreciates the notification, and does not require further briefing.

6/24/13

**SO ORDERED:**

Paul A. Engelmayer
_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827