UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                    :

STREAM SICAV, DHARANENDRA RAI, and TIEN  :
CHUNG, Individually and on Behalf of All Others Similarly :
Situated,                                                 :       12 Civ. 6682 (PAE)
                                    :
                       Plaintiffs,         :       OPINION & ORDER
             -v-                                      :
                                    :
JAMES JUN WANG, SMARTHEAT, INC., and JOHN :
DOES 1–4,                                          :
                                   :
                     Defendants.        :
                                   :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       The Court has received and reviewed the submissions by plaintiffs (hereinafter, "Stream Sicav") in support of their motion for class certification, and by defendants (hereinafter, "SmartHeat") in response to that motion. For the following three independent reasons, the Court denies the motion for class certification as premature, without prejudice to Stream Sicav's ability to move for class certification at a later point.

       1. The United States Supreme Court is currently reassessing the efficient market theory articulated in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988), which is the underpinning of plaintiffs' claim that reliance, and therefore injury, can be determined on a classwide basis. *See Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317 (U.S. 2014). Pending the Supreme Court's resolution of the issue presented by *Halliburton*, it is an inefficient use of the Court's time to resolve plaintiffs' motion, inasmuch as the governing legal doctrine bearing on class certification may materially change, necessitating plenary rebriefing.

2. Virtually no fact discovery has been taken in this case. Defendants' failure, or inability, to produce responsive documents has, in fact, required the Court to resolve a series of discovery disputes; and such discovery is unlikely to be produced until a satisfactory Rule 30(b)(6) deposition of an informed corporate witness from SmartHeat regarding the company's policies and practices as to document creation and access has been completed. It is quite possible that when meaningful defense discovery is produced, it will bear materially on issues relating to class certification. Therefore, although the Court is quite troubled by SmartHeat's approach to discovery to date and will, if necessary, contemplate appropriate remedies for deficiencies that may be found, it is premature to certify a class at this point.

3. Based on the Court's initial review of Stream Sicav's submissions in support of class certification, the Court has substantial concerns about whether injury can be established on a classwide basis, as plaintiffs claim. In its October 7, 2013 decision sustaining the Second Amended Complaint (SAC) against SmartHeat's motion to dismiss, the Court identified two legally viable theories of liability.

The first theory of liability, the "revision theory," is based on SmartHeat's failure to correct its earlier statements to the effect that certain insiders were prevented by agreement from selling shares, when in fact they had been freed to do so. Based on the Court's review, however, Stream Sicav does not appear to have identified any corrective disclosure as to that point; such a corrective disclosure would ordinarily supply the basis for a classwide finding of loss causation. Instead, the disclosures on which Stream Sicav relies appear to relate to such matters as corporate earnings; it is unclear to the Court whether those filings, as a matter of law, could properly be considered corrective disclosures as to the material omission pled in the SAC. If not, Stream Sicav would need to identify an alternative means of potentially establishing loss

2

causation. If not by means of a legally cognizable corrective disclosure, it is unclear how loss causation or injury could be established on a classwide basis with respect to the revision theory.[1]

The second theory of liability, the "insider sale" theory of liability, is based on sales of insider-held shares that the market had been misled to believe remained locked up. But plaintiffs fail to explain why even unexpectedly large volumes of stock sales would have caused injury to the class of securities holders. Such sales reasonably could affect persons who sold their shares at or shortly after the time of these insider sales, when an influx of such sell orders would presumably temporarily drive the market price down. But plaintiffs fail to demonstrate why the infusion of a large volume of sell orders would tend, over the longer term, and specifically as of the end of the class period, to depress the trading price of SmartHeat shares, let alone to a degree common to the class. Plaintiffs thus do not appear to satisfactorily establish injury, capable of being proven on a classwide basis, based on the "insider sale" theory. More focused briefing on these precise issues will be necessary before a motion for class certification can be granted.

The Court, accordingly, denies, Stream Sicav's motion for class certification, without prejudice to Stream Sicav's right to move again for such certification following the resolution of *Halliburton* and defendants' compliance with their discovery obligations. The Clerk of Court is respectfully directed to terminate the motion pending at docket 78.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: March 17, 2014
       New York, New York

---

[1] The Court's concern that there be a legally viable means of proving loss causation is distinct from the Supreme Court's holding that plaintiffs cannot be required to *actually prove* loss causation in order to merit class certification. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2183 (2011).

3